IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; <br> MJ PUBLISHING TRUST d/b/a MIJAC MUSIC; PEERMUSIC III LTD.; PWMP ACQUISITION I LLC d/b/a PRIMARY WAVE BRIAN; HOT-CHA MUSIC CO.; UNICHAPPELL MUSIC INC.; COUNTING CROWS, LLC d/b/a JONES FALLS MUSIC; STONE DIAMOND MUSIC CORP.; SIREN SONGS; EMI BLACKWOOD MUSIC, INC.; WHERE I'M CALLING FROM MUSIC, <br><br> Plaintiffs, <br><br> v. <br><br> VIA MARCONI SMOKEHOUSE TAVERN, INC. d/b/a VIA MARCONI'S SMOKEHOUSE TAVERN; and TOMAS J. VICKERMAN, individually, <br><br> Defendants. | CIVIL ACTION NO. |

COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Peermusic III Ltd. is a limited company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff PWMP Acquisition I LLC is a limited liability company doing business as Primary Wave Brian. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Hot-Cha Music Co. is a partnership owned by Daryl Hall and John Oates. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Counting Crows, LLC is a limited liability company doing business as Jones Falls Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Siren Songs is a partnership owned by John Hall and Johanna Hall. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Where I'm Calling From Music is a sole proprietorship owned by Benjamin D. Gibbard. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Defendant Via Marconi Smokehouse Tavern, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as Via Marconi's Smokehouse Tavern, located at 155 Pennbrook Pkwy, Lansdale, Pennsylvania 19446, in this district (the "Establishment").

16. In connection with the operation of the Establishment, Defendant Via Marconi Smokehouse Tavern, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

17. Defendant Via Marconi Smokehouse Tavern, Inc. has a direct financial interest in the Establishment.

18. Defendant Tomas J. Vickerman is the President of Defendant Via Marconi Smokehouse Tavern, Inc. with responsibility for the operation and management of that corporation and the Establishment.

19.     Defendant Tomas J. Vickerman has the right and ability to supervise the activities of Defendant Via Marconi Smokehouse Tavern, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20.     Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 19.

21.     Since February 2013, BMI has reached out to Defendants over 70 times, by phone and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

22.     Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

23.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing

the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

24. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

25. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

26. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

28. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable

damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

February 11, 2016

_____
Stanley H. Cohen
(I.D. No. 12095)
Caesar Rivise, PC
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone: 215-567-2010
Facsimile: 215-751-1142
email: scohen@crbcp.com

Attorney for Plaintiffs

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Billie Jean |
| Line 3 | Writer(s) | Michael Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music |
| Line 5 | Date(s) of Registration | 12/27/82 |
| Line 6 | Registration No(s). | PA 158-772 |
| Line 7 | Date(s) of Infringement | 9/25/2015 |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 2 | |
| Line 2 | Musical Composition | Georgia On My Mind | |
| Line 3 | Writer(s) | Stuart Gorrell; Hoagy Carmichael | |
| Line 4 | Publisher Plaintiff(s) | Peermusic III Ltd. | |
| Line 5 | Date(s) of Registration | 12/23/57 | 12/31/57 |
| Line 6 | Registration No(s). | R 205803 | R 205347 |
| Line 7 | Date(s) of Infringement | 9/26/2015 | |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Maneater |
| Line 3 | Writer(s) | Sara Allen; John Oates; Daryl Hall |
| Line 4 | Publisher Plaintiff(s) | PWMP Acquisition I LLC d/b/a Primary Wave Brian; Daryl Hall and John Oates, a partnership d/b/a Hot-Cha Music Co.; Unichappell Music Inc. |
| Line 5 | Date(s) of Registration | 11/4/82 |
| Line 6 | Registration No(s). | PA 155-536 |
| Line 7 | Date(s) of Infringement | 9/25/2015 |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Mr. Jones a/k/a Mister Jones |
| Line 3 | Writer(s) | Adam Duritz; David Bryson; Matt Malley; Charlie Gillingham; Steve Bowman |
| Line 4 | Publisher Plaintiff(s) | Counting Crows, LLC d/b/a Jones Falls Music |
| Line 5 | Date(s) of Registration | 5/31/94     11/24/97 |
| Line 6 | Registration No(s). | PA 708-856     PA 880-966 |
| Line 7 | Date(s) of Infringement | 9/25/2015 |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Papa Was A Rollin' Stone a/k/a Papa Was A Rolling Stone |
| Line 3 | Writer(s) | Norman Whitfield; Barrett Strong |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 5/12/72 |
| Line 6 | Registration No(s). | Ep 299072 |
| Line 7 | Date(s) of Infringement | 9/25/2015 |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern |

| Line 1 | Claim No. | 6 |
|---|---|---|
| Line 2 | Musical Composition | Still The One |
| Line 3 | Writer(s) | John Hall; Johanna Hall |
| Line 4 | Publisher Plaintiff(s) | John Hall and Johanna Hall, a partnership d/b/a Siren Songs; EMI Blackwood Music Inc. |
| Line 5 | Date(s) of Registration | 11/4/76 |
| Line 6 | Registration No(s). | Ep 360043 |
| Line 7 | Date(s) of Infringement | 9/25/2015 |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern |

| Line 1 | Claim No. | 7 |
|---|---|---|
| Line 2 | Musical Composition | I Will Follow You Into The Dark |
| Line 3 | Writer(s) | Benjamin Gibbard |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music, Inc.; Benjamin D. Gibbard, an individual d/b/a Where I'm Calling From Music |
| Line 5 | Date(s) of Registration | 10/4/05 |
| Line 6 | Registration No(s). | PA 1-162-537 |
| Line 7 | Date(s) of Infringement | 9/25/2015 |
| Line 8 | Place of Infringement | Via Marconi's Smokehouse Tavern |